# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| KENNETH LAMAR BUGG #432296, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PULASKI POLICE DEPT., et al., | ) ) |
| Defendants. | ) ) |

NO. 1:19-cv-00087

JUDGE CAMPBELL

## MEMORANDUM AND ORDER

Plaintiff Kenneth Bugg, a state inmate now confined in the Trousdale Turner Correctional Center in Pikeville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights during a previous stay in the Giles County Jail in Pulaski, Tennessee, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the Court for a ruling on the plaintiff's application to proceed in forma pauperis ("IFP"). (Doc. No. 2.) In addition, the complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.[1]

---

[1] The Court notes that Plaintiff's IFP application is not accompanied by a 6-month trust account statement. The complaint and IFP application make clear, however, that Plaintiff has only been incarcerated for less than three months, and that he was transferred to the Bledsoe County

However, under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and

---

Correctional Complex, from which filed his complaint, on September 26, 2019. (Doc. No. 1-1 at 1 (describing arrest on July 18, 2019); Doc. No. 2 at 4.) Accordingly, Plaintiff's current trust fund custodian certified on October 22, 2019, that his account balance was $12.56, but that he had not been in the system long enough "to complete an average." (Doc. No. 2 at 4.) He has since been transferred again to the Trousdale Turner Correctional Center. (Doc. No. 4.) Under the circumstances, the Court finds that Plaintiff has materially complied with the requirements of the PLRA and has demonstrated his inability to pre-pay the filing fee.

the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Trousdale Turner Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

### A. Standard

28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*,

675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.      Plaintiff's Allegations**

Plaintiff alleges that he was arrested on July 18, 2019, in Pulaski, Tennessee. (Doc. No. 1-1 at 1.) In the course of apprehending Plaintiff, Pulaski Police officer Corey Medley shot Plaintiff in the back with a taser, causing Plaintiff to fall. (*Id.* at 2.) The impact of the fall broke Plaintiff's wrists. (*Id.*) An emergency medical service officer who arrived at the scene before Plaintiff was put in the police car looked at his wrists and said that Plaintiff needed medical attention. (*Id.*) Officer Gerrod Shirey responded that because Plaintiff was a flight risk they would "take him to the county jail and let the sheriff department deal with him." (*Id.*) The officers hand-cuffed Plaintiff and took him to jail. (*Id.*)

Plaintiff was taken to the Giles County Jail, where he told officers that his wrists were broken. (*Id.*) The officers responded that "they should have taken you to the hospital but they bring you here." (*Id.*) After 2–3 days of complaining about his pain, Plaintiff underwent X-rays in the jail, which indicated that his wrists were broken. (*Id.* at 3.) But he was told that "procedure and protocol" required a second X-ray "for another opinion." (*Id.*) After another 2–3 days, Plaintiff was taken to the hospital, where more X-rays confirmed that his wrists were broken. (*Id.*) He had surgery 2–3 more days later, on July 25, 2019. (*Id.*)

Plaintiff sues the Pulaski Police Department, the Giles County Sheriff's Department, Officer Shirey, and Officer Medley. (Doc. No. 1 at 2–3.) He sues Defendants Shirey and Medley in their individual and official capacities. (*Id.* at 3.) He seeks unspecified compensatory and

punitive damages for "deprivation of medical treatment." (*Id.* at 3, 5.)

**C.     Analysis**

Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Taking all of Plaintiff's allegations as true, as the Court must at this stage of litigation, he has alleged both a serious need and the knowing disregard of that need. Specifically, he alleges that Defendants Shirey and Medley took him to jail rather than the hospital despite advice from EMS personnel that Plaintiff needed medical attention. That is sufficient to state a claim against them in their individual capacities.

However, suits against Shirey and Medley in their official capacities are the equivalent of suits against their employer. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (explaining that suit against government employee in official capacity is "essentially a suit directly against the local government unit"). Plaintiff alleges that they work for the Pulaski Police Department, but he

does not allege that their actions were the result of any Pulaski policy or custom, as required to state a claim against the municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (holding local government is liable under Section 1983 when violation occurs pursuant to government's policy or custom). Accordingly, he fails to state a claim against the individual defendants in their official capacities.

Plaintiff also alleges that Giles County Jail's "procedure and protocol" delayed surgery for his broken wrists by requiring additional X-rays and consequent delay in treatment after the first X-rays revealed that his wrists were broken. That allegation is at least arguably sufficient to state a claim against Giles County itself. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (holding local government is liable under Section 1983 when violation occurs pursuant to government's policy or custom). Plaintiff names as Defendants the Pulaski Police Department and the Giles County Sheriff's Department, neither of which is an entity subject to suit under Section 1983. *See Petty v. Franklin County*, 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *See also Grace v. City of Ripley, Tennessee*, No. 216CV02395JPMDKV, 2017 WL 835206, at *5 (W.D. Tenn. Mar. 2, 2017) ("Since the Sixth Circuit's decision in *Matthews*, district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."). However, because the Court finds that Plaintiff plausibly alleges the liability of Giles County, it liberally construes Plaintiff's claim against the Giles County Sheriff's Department to be against Giles County itself. *See, e.g., Spurgeon v. Monroe Cty. Sheriff's Dep't/Jail*, No. 3:17-CV-304-TAV-DCP, 2019 WL 2778571, at *1 (E.D. Tenn. July 2, 2019) (stating that sheriff's office was not subject to suit under Section 1983 and liberally construing claim as against county); *Lyle v. Montgomery Cty. Jail*, No. 3:15-CV-01065, 2015 WL 6108069, at *2 (M.D. Tenn. Oct. 14,

2015) (holding that county jail was not a suable entity and "liberally constru[ing] the complaint as asserting a claim against Montgomery County itself").

### III. FURTHER PROCEEDINGS

The claims against the Pulaski Police Department, the Giles County Sheriff's Department, and Defendants Shirey and Medley in their official capacities are **DISMISSED**.

The Clerk is **INSTRUCTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Gerrod Shirey, Corey Medley, and Giles County. Plaintiff **MUST** complete the service packets and return them to the Clerk's office within **21 days** of the date of this Order.[2] Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Plaintiff should note that pursuant to Fed. R. Civ. P. 4(j)(2)(A), a local government may be served through its chief executive officer, who in this case is Giles County Executive Melissa Greene, 222 W. Madison St., Pulaski, TN 38478. *See* http://www.ctas.tennessee.edu/official/63218 (last visited Nov. 12, 2019).